UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PETER WHEELER,

                Plaintiff,

v.                                         No. 11-CV-719 (NAM/CFH)

KAREN PHILLIPS, Dept. of Programs,
Mid-State Correctional Facility; S. Fall,
Sergeant, Mid-State Correctional Facility,

                Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

PETER WHEELER
c/o Dolores Hayes
30 Avenue V, Apt. 12B
Brooklyn, New York 11223

HON. ERIC T. SCHNEIDERMAN        MICHAEL G. McCARTIN, ESQ.
Attorney General for the                Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Peter Wheeler ("Wheeler"), who was previously an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action while he was incarcerated pursuant to 42 U.S.C. § 1983 alleging defendants violated his rights. Compl. (Dkt. No. 1). Presently pending is defendants'

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

motion to dismiss or in the alternative compel discovery and award appropriate sanctions pursuant to Fed. R. Civ. P. 37 for Wheeler's repeated failure to attend his disposition. Dkt. No. 52. Wheeler has failed to respond to the motion. For the following reasons, it is recommended that defendants' motion to dismiss be granted.

## I. Background

On June 27, 2011, Wheeler commenced this action while in DOCCS's custody. Compl. On December 26, 2012, the Court issued a scheduling order in this action which provided, in relevant part, that

> [t]he defendant(s) are granted leave to take the deposition of plaintiff(s) pursuant to Fed. R. Civ. P. 30(a)(2)(B). Defense counsel shall provide plaintiff(s) with notice of the date of the deposition . . . PLAINTIFF(S) SHALL TAKE NOTICE that . . . [t]he failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of this action pursuant to Fed. R. Civ. P. 37.

Dkt. No. 32 at 3–4 (subsection (1)(D)).

On March 21, 2013, Wheeler was mailed a Notice of Deposition informing him that his deposition was to be conducted on April 10, 2013 at 9:00 a.m. at the Office of the New York State Attorney General in Albany, New York. Dkt. No. 52-2. The Notice of Deposition was sent to Wheeler at the address which he had previously provided to the Court. Dkt. No. 15. Wheeler failed to appear for that deposition. Dkt. No. 52-1 at 2. Wheeler failed to contact defendants prior to the deposition to advise them that he did not intend to appear for his deposition. Id.

By letter motion dated April 17, 2013, defendants requested that the discovery and dispositive motion deadlines be extended due to Wheeler's failure to appear for a

2

deposition. Dkt. No. 40. By text order dated April 19, 2013, the Court extended the deadline for the completion of discovery to May 17, 2013 and the deadline for the filing of dispositive motions to August 16, 2013. Dkt. No. 41. The text order provided, in relevant part, that "Plaintiff is reminded that his failure to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of this action." Id. The text notice was served on Wheeler by mail at the address which he provided to the Court.

On April 19, 2013, defendants sent Wheeler a second notice of deposition. The deposition was scheduled to be conducted on May 6, 2013 at 9:00 a.m. Dkt. No. 52-5. By letter motion filed May 3, 2013, Wheeler asked for an adjournment of the deposition scheduled for May 6, 2013. Dkt. No. 42. In that letter motion, Wheeler indicated he was attempting to retain Ernest Dubose Esq. to represent him in this matter.[2] Id. On May 3, 2013, the Court issued a text order denying Wheeler's request to adjourn the deposition. Dkt. No. 43. The text order which was mailed to Wheeler provided, in relevant part, that "Plaintiff is reminded that his failure to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of this action." Id.

On May 3, 2013, defense counsel contacted Attorney Dubose to ascertain if he was representing Wheeler. Dkt. No. 52-1 at 4. Mr. Dubose was uncertain if he was going to represent Wheeler and asked that the deposition be rescheduled for June, 2013. Id. Defense counsel advised Mr. Dubose that given the plaintiff's position and Mr. Dubose's request he assumed the May 6, 2013 deposition was adjourned. Id. He further advised Mr. Dubose that he would be making a motion to dismiss this claim for various reasons

---

[2] Ernest Dubose Esq. has never appeared on behalf of Wheeler in this action. On more than one occasion, Mr. Dubose Esq. discussed with defense counsel his potential representation of Wheeler in this matter. Dkt. No. 52-1 at 2–4.

3

including Wheeler's failure to appear for a deposition. Id.

On July 16, 2013, Mr. Dubose contacted defense counsel to inquire regarding the status of defendants' motion to dismiss based upon Wheeler's failure to appear for a deposition. Dkt. No. 52-1 at 5. Mr. Dubose advised that he would be filing a notice of appearance by July 29, 2013 at which time he would ask for an extension of discovery so that Wheeler could appear at a deposition. Id. Mr. Dubose never filed a notice of appearance.

By letter motion dated August 1, 2013, defendants requested that the Court schedule a conference to address Wheeler's failure to appear for a deposition. Dkt. No. 44. On August 1, 2013, the Court issued a text order scheduling a conference for August 16, 2013. The text notice provided in part that "Plaintiff is reminded that his failure to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of this action." Dkt. No. 45. The Court issued an amended text order rescheduling the conference for September 3, 2013. The amended text order again advised Wheeler of the potential consequences of failing to appear for a deposition. Dkt. No. 46. The text order and amended text order were served on Wheeler by mail.

Plaintiff failed to appear at the September 3, 2013 conference. The Court issued an order setting a briefing schedule for defendants' motion seeking the imposition of sanctions. Dkt. No. 49. The order provided that "Plaintiff pro se is advised that failure to oppose that motion may result in dismissal of the action." Dkt. No. 49 at 1.

On September 9, 2013, Wheeler filed a letter motion with the Court. Dkt. No. 50. On September 10, 2013, the Court issued a text order indicating that it was unclear what relief, if any, Wheeler was seeking from the Court. Dkt. No. 51.

On September 23, 2013, defendants filed a motion for sanctions and dismissal of this

4

action for failing to appear at depositions and a court conference. Dkt. No. 52. Wheeler was ordered to file a response to that motion by October 22, 2013. Dkt. No. 49. Plaintiff has never filed a response to that motion.

On February 13, 2014, Wheeler filed a letter motion seeking the appointment of counsel and raising the possibility of settlement. Dkt. No. 55. On February 17, 2014, the Court issued an order denying Wheeler's request for counsel with leave to renew. Dkt. No. 56. On February 25, 2014, the Court issued a text order scheduling a settlement conference. Dkt. No. 57. The parties were provided with instructions advising them how to appear by telephone.

On March 3, 2014, Wheeler filed a letter motion seeking to dismiss his claim.[3] Dkt. No. 61. By letter dated March 10, 2014, defendants advised the Court that they have no objection to Wheeler voluntarily discontinuing this matter. Dkt. No. 63.

Plaintiff failed to appear at the March 10, 2014 settlement conference. On March 10, 2014, the Court received a letter motion from Wheeler asking that the settlement conference be rescheduled. Dkt. No. 65. The settlement conference was rescheduled for March 24, 2014. Dkt. No. 66. The settlement conference was conducted on that date. Wheeler and defense counsel appeared by phone. During the conference, defense counsel advised that no settlement offer would be made. The Court reminded Wheeler of the pending motion to dismiss and offered him an opportunity to file a response. Wheeler

---

[3] This was the second time Wheeler has filed a letter motion seeking to dismiss this matter. Dkt. No. 12. By Decision and Order filed May 29, 2013, the Court granted the motion to the extent that the action would be dismissed without prejudice without further order of the Court unless plaintiff submits in writing within twenty days of the Decision and Order that he intends to pursue this action. Dkt. No. 16. By letter filed June 6, 2012, Wheeler advised the Court he wished to pursue this matter. Dkt. No. 17.

5

advised the Court that he had no counsel and would not file a response to the pending motion to dismiss.

## II. Discussion

### A. Federal Rule of Civil Procedure 37(d)

Defendants contend that Wheeler's action should be dismissed pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. This Rule provides that a court may impose sanctions on a party, including dismissal of the action, if the party "fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). As indicated above, Wheeler was properly notified on two separate occasions of the date, time, and location of his deposition. On each occasion, Wheeler failed to appear. Wheeler has never contended that he was unaware of either deposition. Wheeler filed a letter motion seeking to adjourn his second deposition. Dkt. No. 42. The text order which the Court issued denying that request specifically advised Wheeler of the potential consequences for failing to appear for a deposition. Dkt. No. 43. Given Wheeler's notification of the importance of the deposition, as well as his warnings about the failure to participate in the deposition, it appears that pursuant to Rule 37(d), Wheeler's repeated failure to appear as a deponent merits dismissal of this action.

Defendants have also been prejudiced by Wheeler's failure to appear for a deposition. Defendants have been denied access to information necessary to defend themselves. Defendants are also prejudiced by their ongoing need to file correspondence and motions to address Wheeler's failure to appear for a deposition. Finally, and to a lesser extent, defendants' prejudice also includes the costs involved in scheduling and attending the

6

depositions.

The need to eliminate court calendar congestion and the unavailability of lesser sanctions also weigh in favor of granting the present motion. This case, which is not complex, has been pending for almost three years. The guidelines for completion of cases in this District is eighteen months. See N.D.N.Y. General Order 25 (governing the timely progression of civil actions). As such, this case has been pending longer than the guideline for completion.

The delay in this matter must be balanced against Wheeler's right to due process. Here, Wheeler's right to due process has been scrupulously honored. He was given two opportunities to appear for the deposition he is required to give. On both occasions, he failed to appear. During the pendency of this matter, the Court repeatedly advised Wheeler that his failure to appear for a deposition may result in the imposition of sanctions including the dismissal of this action. Dkt. Nos. 32, 41, 43, 45–46. In short, Wheeler has received a fair chance to be heard.

Plaintiff's conduct must be balanced against the efficacy of lesser sanctions than dismissal. Courts have "broad discretion to enforce discovery obligations and may, in appropriate circumstances, use the extreme sanction of a default judgment . . . ." United States v. Aldeco, 917 F.2d 689, 690 (2d Cir. 1990) (citations omitted); FED. R. CIV. P. 37(d). As discussed earlier, Wheeler received adequate notice concerning the consequences of his failure to attend a deposition and, thus, the only question which remains is whether the sanction of dismissal is appropriate. First, Wheeler has repeatedly failed to appear for a deposition. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 763–65 (2d Cir. 1990) (affirming dismissal of a pro se plaintiff's action for failure to appear at a deposition).

Wheeler was also advised by defense counsel that the consequence of his failure to appear at a deposition would result in a motion seeking to dismiss this case.

Wheeler's failure to appear for his deposition, and his letter motions to the Court asking the matter be dismissed, show an intent to abandon this action. As Wheeler failed to appear for a deposition on two occasions, at the cost of defendants' counsel time, energy, and capital, any lesser sanction than dismissal would be insufficient to address the prejudice to defendants. Monetary sanctions to compensate defendants for the costs of the depositions would be futile in view of Wheeler's in forma pauperis status. Allowing adverse inferences to be drawn against Wheeler from his refusal to be deposed would not replace for defendants the information from Wheeler which they need to defend this action. Precluding Wheeler from testifying at trial would be tantamount here to dismissal since Wheeler likely could not surmount a motion for a directed verdict without his own testimony. Consideration of these factors, therefore, compels the conclusion that dismissal of this action affords the only reasonable method to address Wheeler's repeated failure to fulfill his obligation to cooperate in discovery. As such, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 37 should be granted.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss as a sanction (Dkt. No. 52) be **GRANTED** as to all defendants and that judgment be entered in favor of all defendants on all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen

(14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 31, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge